**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| G & G Closed Circuit Events LLC, ) | No.  CV-21-00277-PHX-SPL |
| ) | |
| Plaintiff, ) | **ORDER** |
| vs. ) | |
| ) | |
| Francisca Lopez Villegas, et al., ) | |
| ) | |
| Defendant(s). ) | |
| ) | |

On February 12, 2021, Plaintiff G&G Closed Circuit Events LLC filed a complaint against Defendants Francisca Lopez Villegas, Taqueria El Compadre, and d/b/a Taqueria El Compadre, LLC (Doc. 1) for the unlawful interception of a television broadcast under 47 U.S.C. § 605  and for interception of communications offered over a cable system absent specific authorization under 47 U.S.C. § 553. Defendants were served on May 5, 2021. (Docs. 7, 8) None of the Defendants answered the complaint, responded to the complaint, or otherwise appeared in this action. On May 18, 2021, Plaintiff filed Applications for Entry of Default against Defendants. (Docs. 10, 11) On May 19, 2021, the Clerk of Court entered default as to all Defendants. (Doc. 12)

On July 20, 2021, Plaintiff filed a Motion for Default Judgment pursuant to Federal Rule of Civil Procedure 55(b)(2). (Doc. 14)

Plaintiff seeks $5,900 in statutory damages, $20,000 in enhanced statutory damages, and leave to submit a motion for attorneys' fees and costs. (Doc. 14 at 3) No response has been filed.

The Court has reviewed Plaintiff's motion, the exhibits thereto, the record in this matter, and considered the *Eitel* factors. *See Eitel v. McCool*, 782 F.2d 1470, 1471–72 (9th Cir. 1986). Upon review, the Court finds that the entry of default judgment is appropriate.

The Court further finds that Plaintiff has proven that an award of damages is reasonable, though the damages sought are excessive under the circumstances of this case. *See Joe Hand Promotions, Inc. v. Fierro*, No. 2:11-CV-2263-JAM-CMK, 2012 WL 3962515, at *2 (E.D. Cal. Sept. 10, 2012) ("While factual allegations concerning liability are deemed admitted upon a defendant's default, the court does not presume that any factual allegations relating to the amount of damages suffered are true. . . . In assessing damages, the court must review the facts of record."). Damages are awarded pursuant to 47 U.S.C. § 605(e)(3)(C). Violation of the statute triggers an award of "not less than $1,000 or more than $10,000, as the court considers just." 47 U.S.C. § 605(e)(3)(C)(i)(II). When the violation is "committed willfully and for purposes of direct or indirect commercial advantage or private financial gain," the Court has discretion to increase the award by no more than $100,000 for each violation. 47 U.S.C. § 605(e)(3)(C)(ii). The Ninth Circuit has held that § 605 damages should "deter[] . . . but not destroy." *Kingvision Pay-Per-View Ltd. v. Lake Alice Bar*, 168 F.3d 347, 350 (9th Cir. 1999).

Defendants violated the statute and the violation was "willful and for purposes of direct or indirect commercial advantage or private economic gain." Therefore, damages under 47 U.S.C. § 605(e)(3)(C) are proper. This Court has seen several motions for default judgment from Plaintiff in the past year. He has obtained awards as large as $33,400 and as low as $5,600. *G&G Closed Circuit Events v. Garcia et al.*, No. 19-CV-05134-SPL, ECF No. 18 (D. Ariz. May 12, 2020); *G&G Closed Circuit Events, LLC v. Ortiz*, No. CV-19-00452-TUC-DCB, 2020 WL 1244492, *4 (D. Ariz. Mar. 16, 2020). The Court has considered factors such as the licensing fee for the broadcast, any history of violations by the defendant, amount of promotional advertising by the defendants, and amount of money the defendant made by illegally broadcasting. *See G & G Closed Circuit Events, LLC v. Sanchez et al.*, No. 2:20-cv-02104-SPL, ECF No. 17 (D. Ariz. April 15, 2021); *G & G*

*Closed Circuit Events, LLC v. Villanueva et al.*, No. 2:20-cv-00833-SPL, ECF No. 16 (D. Ariz. Sept. 24, 2020).

Here, the licensing fee for the broadcast would have been $2,360, had Defendants paid. (Docs. 15 at 3, 15-2 at ¶8) Licensing fees are calculated based on bar capacity; Defendant's bar had a capacity of about 40. (Docs. 15 at 13, 15-2 at ¶8) This is in the lowest tier of capacity according to Plaintiff's rate card. (Doc. 15-2 at 31) Plaintiff does not allege any prior violations by Defendants, nor any promotional advertising. Plaintiff's investigator observed thirty-five (35) patrons at the bar that night. (Docs. 15 at 13, 15-3 at 3) Defendants would have made money from whatever those patrons purchased at the bar, though it is not clear if there were any more patrons present than on a normal night. Absent promotional advertising, prior violations, and a cover fee, the Court finds a reduction of damages is proper. In its discretion, the Court concludes that an award of $5,310 in statutory damages, two and one-quarter times the licensing fee, is proper. *See Villanueva*, No. 2:20-cv-00833-SPL, ECF No. 16 at 3 (awarding approximately two and one-quarter times the licensing fee in statutory damages). The Court further concludes $7,000 in enhanced statutory damages is proper to "deter but not destroy." *Compare Ortiz*, 2020 WL 1244492, at *4 (declining to award any enhanced damages because the defendant did not engage in promotional advertising, did not charge a cover charge or premium, was not a repeat offender, and the business could only accommodate six to eight people) *with G&G Closed Circuit Events LLC v. Lorena A. Carbajal, et al.*, No. 20-CV-00838-SPL, ECF No. 15 (D. Ariz. Oct. 28, 2020) (awarding $7,000 in enhanced statutory damages because there were twenty patrons and because defendants engaged in advertising and charged a cover fee) *and Sanchez*, No. 2:20-cv-02104-SPL, ECF No. 17 at 3 (awarding $2,000 in enhanced damages where there were no prior violations, promotional advertising, no cover charge, and only 10 patrons).

Accordingly,

///

///

**IT IS ORDERED** that:

1. Plaintiff's Motion for Default Judgment (Doc. 14) is **granted as modified**;

2. Default judgment is entered pursuant to Rule 55(b) of the Federal Rules of Civil Procedure in favor of Plaintiff against Defendants Francisca Lopez Villegas, Taqueria El Compadre, and d/b/a Taqueria El Compadre, LLC;

3. Plaintiff shall be awarded $5,310 in statutory damages and $7,000 in enhanced statutory damages pursuant to 47 U.S.C. § 605(e)(3)(C);

4. Plaintiff shall file any application for attorneys' fees and costs in accordance with Federal Rule of Civil Procedure 54(d); and

5. The Clerk of Court shall terminate this action and enter judgment accordingly.

Dated this 5th day of August, 2021.

                                                      Honorable Steven P. Logan
                                                      United States District Judge